IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EVA IRENE OWEN,                              )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )   Case No.: 26-CV-1195-R
                                             )
CITY OF ENID, OKLAHOMA,                      )
ANTHONY SHAWN AEBI,                          )
NICOLE BINCKLEY, BARRETT                     )
SOMMER, JOHN AMES, BILLIE                    )
MCKINNEY, AND BRODE PETTUS,                  )
                                             )
            Defendants.                      )

**DEFENDANT CITY OF ENID'S SPECIAL
ENTRY OF APPEARANCE AND MOTION TO DISMISS**

Defendant, City of Enid, pursuant to FED. R. CIV. P. 12(b)(6) specially appears and

moves this Court to dismiss all claims asserted against it by Plaintiff, Eva Irene Owen.

Plaintiff's claims in this matter fail for multiple reasons. First, Plaintiff's allegations are not

sufficient to establish a plausible claim for municipal liability. Further, Plaintiff's allegations

show there was probable cause for her arrest and that the underlying criminal proceeding was

not terminated, on the merits, in her favor. As such, Plaintiff's state law claims for false

arrest/imprisonment and malicious prosecution fail as a matter of law as Plaintiff cannot

establish essential elements of those claims.

1

This matter stems from the arrest of Plaintiff in Enid, Oklahoma on July 5, 2024. (Petition, ¶1). Defendants were called to Plaintiff's home that day and eventually made contact with Plaintiff while in the process of arresting Plaintiff's husband, William Owen. (Petition, ¶ 18). During this time, Plaintiff exhibited volatile behavior, continually yelling at the responding officers. (Petition, ¶ 19-22). Accordingly, Plaintiff was warned to stop this behavior, but she chose to continue. (*Id.*) Thereafter, Officer Aebi briefly spoke with Plaintiff's neighbor – the individual who had contacted law enforcement regarding the incident – and confirmed that Plaintiff's conduct was disturbing nearby residents. (Petition, ¶ 23). Plaintiff was then informed she was under arrest, but she pulled away from the officers and stated "no." (Petition, ¶ 24)(*See also* Probable Cause Affidavit, **EXHIBIT 1**)[1]. The officers then took hold of Plaintiff's arm, placed it behind her back, utilized a compliance technique, placed Plaintiff on the ground, placing her under arrest for disturbing the peace and resisting arrest. (Petition, ¶¶ 24-25). Subsequently, Plaintiff was charged with Disturbing the Peace and Obstructing an Officer. (Petition, ¶ 27). However, the State filed a Motion to Dismiss its

---

[1]Plaintiff cites the Affidavit of Probable cause in her Petition at ¶22. Further, Plaintiff cites the Dismissal Without Prejudice of the underlying criminal proceeding in ¶¶27 and 29. Thus, Plaintiff is on notice of the contents of the same, and the documents are central to the claims asserted by Plaintiff in this matter. Furthermore, these are public records of which the Court should take judicial notice. Accordingly attaching the same as exhibits to this Motion is proper under FED. R. CIV. P. 12(b)(6). *Van Woudenberg ex. rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)(Abrogated on other grounds)("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."); *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to plaintiff's claim and the parties do not dispute the document's authenticity.")

claims against Plaintiff without prejudice. (Petition, ¶ 29)(*See also* Dismissal with Prejudice, **EXHIBIT 2**).

Plaintiff further alleges the City of Enid failed to properly train, evaluate, supervise, investigate, review and/or discipline its officers in relation to the arrest at issue. (Petition, ¶45). Plaintiff's Petition, however, fails to establish the required direct causal link between any purported municipal policy or custom and the alleged constitutional deprivation. Plaintiff does not identify how any specific training deficiency caused the officers' actions, what training should have been provided, how existing training was inadequate, or how municipal policymakers were deliberately indifferent to a known risk of constitutional injury. Thus, Plaintiff has failed to properly plead a claim of constitutional deprivation.

Furthermore, the facts establish the City's officers had probable cause to detain and arrest Plaintiff. Thus, Plaintiff's claim for false arrest/imprisonment fails. Finally, a municipality cannot be held liable for a claim for malicious prosecution under Oklahoma law. Accordingly, Plaintiff's claim for malicious prosecution likewise fails.

## STANDARD OF REVIEW

"Like a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law." *Iacampo v. Hasbro Inc.*, 929 F.Supp. 562, 567 (D.R.I.1996). As such, the purpose of a Rule 12(b)(6) motion is not to test the underlying facts of the case, but to test the law that governs the plaintiff's claims. *Weise v. Casper*, 507 F.3d 1260, 1270 (10th Cir. 2007) ("a motion to

dismiss raises only a question of law: whether, taking the facts in the complaint as true, the plaintiff has a legal claim"). "When determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6), the district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 617 (6th Cir. 2008) (citation omitted). To avoid dismissal under Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). The District Court should sustain a motion to dismiss where the complaint fails to do so. *Id.*

It is true that FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). This standard, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Unsupported, formulaic allegations will not defeat a Rule 12(b)(6) request for dismissal. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal* at 678 (internal quotation marks omitted; brackets in original). "Without some factual allegations in the complaint, it is hard to see

how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly* at 556, n. 3. Said differently, a claim should be dismissed when it lacks a cognizable legal theory of liability, when the facts pled do not support any such theory, or when the allegations set forth are not facts but are, instead, conclusions without factual support. *Id*.

**ARGUMENTS AND AUTHORITIES**

**PROPOSITION I:**      **PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH MUNICIPAL LIABILITY**

"A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Wright v. Bd. of Cty. Comm'rs of Carter Cty.*, 2020 OK CIV APP 46, ¶ 31, 475 P.3d 409, 418. Rather, "[a] plaintiff must show the following to establish municipal liability: '1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.'" *Id.* These policies or customs may take the form of "(1) 'a formal regulation or policy statement'; (2) an informal custom 'amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'; (3) 'the decisions of employees with final policymaking authority'; (4) 'the ratification by such final policymakers of the decisions--and the basis for them--of subordinates to whom authority was delegated subject to these policymakers' review and approval'; or (5) the 'failure to adequately train or supervise

5

employees, so long as that failure results from deliberate indifference to the injuries that may be caused.'" *Id.*

Here, Plaintiff fails to plausibly establish the existence of any unconstitutional municipal policy or custom. Instead, Plaintiff merely recites boilerplate conclusions that the City failed to "train, evaluate, supervise, investigate, review and/or discipline" its officers. However, Plaintiff identifies no actual written policy, no longstanding custom, no widespread pattern of similar incidents, no decision by a final policymaker, and no facts demonstrating ratification of allegedly unconstitutional conduct.

Indeed, Plaintiff's Petition is devoid of factual allegations demonstrating the existence of any prior similar incidents that would have placed the municipality on notice of a purported need for additional training or supervision. Nor does Plaintiff allege facts showing a pattern of constitutional violations sufficient to establish deliberate indifference. Instead, Plaintiff attempts to impose municipal liability based solely upon the officers' alleged conduct during this singular incident. Such allegations are insufficient as a matter of law because a municipality "may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." *Wright*, 475 P.3d at 418.

Further, Plaintiff fails to establish the required direct causal link between any purported municipal policy or custom and the alleged constitutional deprivation. Plaintiff does not identify how any specific training deficiency caused the officers' actions, what training should have been provided, how existing training was inadequate, or how municipal

policymakers were deliberately indifferent to a known risk of constitutional injury. Instead, Plaintiff offers only conclusory assertions that the City "allowed" the officers to engage in the alleged conduct. Such threadbare recitals of the elements of a *Monell* claim, unsupported by factual enhancement, are insufficient to state a plausible claim for municipal liability.

Simply put, Plaintiff's allegations amount to nothing more than an attempt to hold Defendant vicariously liable for the alleged acts of its officers. Section 1983 does not permit such respondeat superior liability. Because Plaintiff has failed to plead facts plausibly establishing the existence of a municipal policy or custom, deliberate indifference, or a direct causal connection between any policy and the alleged injury, Plaintiff's municipal liability claim fails as a matter of law.

**PROPOSITION II:** **PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE ARREST OR FALSE IMPRISONMENT**

"False arrest has been defined as 'an unlawful restraint of an individual's personal liberty or freedom of locomotion. . . . An arrest without proper legal authority is a false arrest and because an arrest restrains the liberty of a person it is also a false imprisonment.'" *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 6, 50 P.3d 1149, 1151. Further, the Court of Civil Appeals has held that an arrest without probable cause is a false arrest. *Overall v. State*, 1995 OK CIV APP 107, 910 P.2d 1087. "'Probable cause' is defined as 'reasonable cause' or 'an honest suspicion or belief . . . founded upon facts sufficiently strong to warrant the average person in believing the charge to be true,' and the existence of probable cause is a complete defense." *Roberts*, 50 P.3d at 1152. Further, plaintiff does not

actually have to be guilty of the charged crime. Instead, "[w]hether probate [*sic*] cause exists is not the same question as whether the person accused is actually guilty." *Missouri, Kansas & Oklahoma Coach Lines v. Meister*, 1958 OK 227, ¶ 5, 330 P.2d 579, 581–82. Moreover, Oklahoma law explicitly provides for an officer to arrest an individual without a warrant. 22 O.S. § 196. This statute provides in pertinent part:

> A peace officer may, without a warrant, arrest a person:
>
> 1.    For a public offense, committed or attempted in the officer's presence;

*Id.*

Lastly, false imprisonment is distinct from a false arrest. It does not require a form of legal authority, but may occur between private persons. *Delong v. State ex rel. Okla. Dep't of Pub. Safety*, 1998 OK CIV APP 32, ¶ 4, 956 P.2d 937, 938. "The essential elements of the tort are (a) the detention of a person against his (or her ) will and (b) the unlawfulness of the detention." *Walters v. J. C. Penney Co.*, 2003 OK 100, ¶ 9, 82 P.3d 578, 583.

Here, Plaintiff's Petition fails to establish any of these officers were involved in the detention of Plaintiff. Regardless, Plaintiff's allegations establish the arresting officer(s) possessed legal authority and probable cause to effectuate the arrest at issue. According to the allegations, Plaintiff was yelling at the officers as they went about arresting her husband, and she was even instructed to stop yelling. (Petition, ¶19). This is also confirmed in the Probable Cause Affidavit which mirrors the allegations of Plaintiff.  (*See* Probable Cause Affidavit, **EXHIBIT 1**).  As such, Plaintiff's actions were clearly taking place in the presence

of the officers. Thus, by Plaintiff's own allegations, officers were confronted with a raucous individual who had been instructed to lower her voice.

Further, the Petition contains no factual allegations plausibly demonstrating the arrest lacked probable cause or legal authority. Nor does Plaintiff allege facts establishing that officers detained her without statutory authority under Oklahoma law. Instead, the Petition affirmatively establishes that officers acted pursuant to their law enforcement authority while reacting to Plaintiff's conduct occurring in their presence. Accordingly, because probable cause constitutes a complete defense to claims for false arrest and false imprisonment, and because Plaintiff's own allegations establish the officers acted with legal authority in effectuating the arrest, Plaintiff's claims fail as a matter of law.

**PROPOSITION III:** **OKLAHOMA LAW DOES NOT SUPPORT A CLAIM FOR MALICIOUS PROSECUTION AGAINST A MUNICIPALITY**

A claim for malicious prosecution places a burden on the plaintiff to prove: "1) that the defendant maliciously instituted the action; 2) without probable cause; 3) which the plaintiff successfully defended; and 4) with resulting damage to the plaintiff. *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 6, 50 P.3d 1149, 1152. Accordingly, should the Plaintiff fail to meet any of these elements, their claim for malicious prosecution fails. Additionally, "[m]alicious prosecution actions are not favored by the court, and they should not be encouraged by lax rules favoring them." *Young v. First State Bank, Watonga*, 1981 OK 53, ¶ 5, 628 P.2d 707, 709; *see also Williams v. Frey*, 182 Okl. 556, 78

P.2d 1052 (1938) (adopting a rule "that [makes it] less likely to encourage actions for malicious prosecution"); and *See Glasgow v. Fox*, 1988 OK 71, ¶ 14, 757 P.2d 836, 839 ("Oklahoma[] . . . does not look favorably on malicious prosecution actions"). In this instance, the City of Enid is immune from liability for malicious prosecution. Further, Plaintiff cannot establish at least two essential elements of her cause of action against the officers: 1) lack of probable cause and 2) a successful defense of the claim. Thus, dismissal of Plaintiff's claim for malicious prosecution against Defendants is appropriate.

The Oklahoma Supreme Court examined the issue of whether a municipality is immune from a claim for malicious prosecution in *Parker v. City of Midwest City*, 1993 OK 29, ¶ 1, 850 P.2d 1065, 1066. To which it answered in the positive: " Therein, plaintiff was arrested by Midwest City Police and charged with driving under the influence of alcohol. *Id.* Plaintiff was eventually acquitted of the DUI charge after a jury trial. *Id.* Plaintiff subsequently brought suit against the City of Midwest City, among other city officials, alleging malicious prosecution. *Id.* However, the *Parker* Court concluded the municipality was immune and plaintiff therefore could not recover under a theory of malicious prosecution. *Id.* at 1068. The court reasoned:

> [Plaintiff] cannot recover damages from the City on the theory of malicious prosecution. If [the officer's] actions were in bad faith he was acting outside his scope of employment, and thus the City is not liable. If, however, Strong was acting in good faith and hence within the scope of employment, [plaintiff] cannot prove his case because he cannot establish the necessary element of malice. If this seems strange we can only say that the Legislature, after this Court abrogated common-law sovereign

10

> immunity in *Vanderpool v. State*, 672 P.2d 1153, 1156 (Okla. 1983), readopted sovereign immunity statutorily, "waiving such immunity only to the extent and in the manner provided in this act." 51 O.S. 1991 § 152.1. It is a simple reading of the Act itself that compels our conclusion.

*Id*. (citations omitted). *See also Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 13, 212 P.3d 1158, 1164 ("When a tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of employees, there can be no liability against a political subdivision in a suit based on the GTCA."): *See also DeCorte v. Robinson*, 1998 OK 87, ¶ 10, 969 P.2d 358, 361 ("Because a city's statutory liability does not extend to acts of its employees committed in bad faith, we held that under the Governmental Tort Claims Act the City could not be held liable for malicious prosecution.").

As such, any claim of malicious prosecution against the City of Enid in this matter fails as it is entitled to sovereign immunity. Here, if the officers had acted with malice, Defendant would be exempt from liability under the GTCA. Conversely, the officers were acting in good faith and within the scope of employment, so Plaintiff cannot establish the necessary element of malice. It is beyond clear a claim for malicious prosecution is not a legally cognizable claim against a municipality. As such, judgment in the City of Enid's favor on Plaintiff's cause of action for malicious prosecution is appropriate as a matter of law. *Parker* at 1066.

## CONCLUSION

Defendant, City of Enid, respectfully requests the Court enter an Order dismissing all claims asserted against them by Plaintiff, Eva Irene Owen. First, Plaintiff's allegations do not meet the requisite pleading standard to establish a constitutional deprivation by the City of Enid. Additionally, the allegations asserted by Plaintiff establish there was probable cause to arrest Plaintiff. As such, Plaintiff cannot establish the essential elements of her claims of false arrest/imprisonment. Finally, a claim for malicious prosecution cannot be maintained against a municipality under Oklahoma law. Accordingly, dismissal is proper.

Respectfully submitted,

s/ *Timothy J. Prentice*
Timothy J. Prentice, OBA No. 22689
Ryan C. Henneke, OBA No. 36659
ROBERSON, KOLKER, PRENTICE, BURNS, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone: 405-606-3333
Facsimile: 405-606-3334
Email: tj@OKTrialLawyers.com
rch@OKTrialLawyers.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly, Esquire

s/ *Timothy J. Prentice*
For the Firm
