| | |
|---|---|
| EVA IRENE OWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 26-CV-1195-R |
| | ) |
| CITY OF ENID, OKLAHOMA, | ) |
| ANTHONY SHAWN AEBI, | ) |
| NICOLE BINCKLEY, BARRETT | ) |
| SOMMER, JOHN AMES, BILLIE | ) |
| MCKINNEY, AND BRODE PETTUS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS NICOLE BINCKLEY, JOHN AMES,
BILLIE MCKINNEY AND BRODE PETTUS'S SPECIAL ENTRY OF
<u>APPEARANCE AND MOTION TO DISMISS</u>**

Pursuant to FED. R. CIV. P. 12(b)(6), Defendants Nicole Binckley, John Ames, Billie McKinney, and Brode Pettus, hereby specially appear in this matter and move this Court to dismiss all claims asserted against them by Plaintiff, Eva Irene Owen. First, Plaintiff has failed to plead her case with sufficient detail to provide Defendants with fair notice of the claims against them. Furthermore, Plaintiff's claims against these officers are barred under the doctrine of qualified immunity. Finally, the state law claims asserted against these Defendants likewise fail as Plaintiff cannot establish the essential elements of her claims for false arrest/false imprisonment or malicious prosecution.

1

This matter stems from the lawful arrest of Plaintiff in Enid, Oklahoma on July 5, 2024. (Petition, ¶ 1). Plaintiff's only allegations as to these Defendants are that they are sworn police officers with the City of Enid Police Department and were acting in their individual capacity or in the course and scope of their employment and under color of state law during the contact with Plaintiff. (Petition, ¶¶15-17). Plaintiff's Petition is devoid of any additional allegations against these Defendants. Simply being present, however, is not sufficient. Plaintiff is required to assert specific allegations against the named defendants so they may be fairly apprised of the claims asserted against them. Plaintiff has failed to satisfy this requirement and dismissal is therefore proper.

Furthermore, regardless of the insufficiency of Plaintiff's allegations, her claims still fail against these Defendants as a matter of law. Plaintiff's allegations establish these officers were not involved in the arrest of Plaintiff. As such, Plaintiff cannot establish any constitutional deprivation by these officers and they are entitled to qualified immunity.

Finally, Plaintiff's state law claims for false arrest/imprisonment and malicious prosecution likewise fail. First, pursuant to Plaintiff's own allegations, these officers were not involved in the decision to detain and/or prosecute Plaintiff. This is further confirmed by the Probable Cause Affidavit, cited by Plaintiff. (*See* Probable Cause Affidavit, **EXHIBIT 1**). Furthermore, the Probable Cause Affidavit and Plaintiff's own allegations establish probable cause existed for her arrest. Additionally, the underlying criminal proceeding was dismissed

without prejudice, which does not constitute a final determination on the merits - one of the essential elements of a claim for malicious prosecution. (*See* Dismissal Without Prejudice, **EXHIBIT 2**).[1] As such, Plaintiff's claims for false arrest/imprisonment and malicious prosecution fail as a matter of law.

### STANDARD OF REVIEW

"Like a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law." *Iacampo v. Hasbro Inc.*, 929 F.Supp. 562, 567 (D.R.I.1996). As such, the purpose of a Rule 12(b)(6) motion is not to test the underlying facts of the case, but to test the law that governs the plaintiff's claims. *Weise v. Casper*, 507 F.3d 1260, 1270 (10th Cir. 2007) ("a motion to dismiss raises only a question of law: whether, taking the facts in the complaint as true, the plaintiff has a legal claim"). "When determining whether to grant a motion to dismiss pursuant to Rule 12(b)(6), the district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 617 (6th Cir. 2008) (citation omitted). To avoid

---

[1]Plaintiff cites the Affidavit of Probable cause in her Petition at ¶22. Further, Plaintiff cites the Dismissal Without Prejudice of the underlying criminal proceeding in ¶¶27 and 29. Thus, Plaintiff is on notice of the contents of the same, and the documents are central to the claims asserted by Plaintiff in this matter. Furthermore, these are public records of which the Court should take judicial notice. Accordingly attaching the same as exhibits to this Motion is proper under FED. R. CIV. P. 12(b)(6). *Van Woudenberg ex. rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)(Abrogated on other grounds)("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."); *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)("In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to plaintiff's claim and the parties do not dispute the document's authenticity.")

dismissal under Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). The District Court should sustain a motion to dismiss where the complaint fails to do so. *Id.*

It is true that FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). This standard, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Unsupported, formulaic allegations will not defeat a Rule 12(b)(6) request for dismissal. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal* at 678 (internal quotation marks omitted; brackets in original). "Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly* at 556, n. 3. Said differently, a claim should be dismissed when it lacks a cognizable legal theory of liability, when the facts pled do not support any such theory, or when the allegations set forth are not facts but are, instead, conclusions without factual support. *Id.*

**PROPOSITION I: PLAINTIFF FAILS TO MEET THE NOTICE PLEADING STANDARD IN REGARD TO CLAIMS AGAINST THESE DEFENDANTS**

FED. R. CIV. P. 8(a) requires that a complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) further provides that "[e]ach allegation must be simple, concise, and direct." Fed R. Civ. P. 8(d)(1). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims," as well as "fram[ing] the issue[s] and provid[ing] the basis for informed pretrial proceedings." *Stanard v. Nygren*, 658 F.3d792, 797 (7th Cir. 2011). The Tenth Circuit has likewise stated:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore, it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice of the claims against him or her, as distinguished from collective allegations against the state. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)(internal citations omitted)(emphasis in original).

"[U]se of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom," is insufficient to overcome a motion to dismiss. *Id.* at 1250.

Plaintiff's allegations fall well short of the pleading requirements. Plaintiff's allegations as to these Defendants contain little more than identifying them as parties to this

lawsuit. Plaintiff's Petition does not establish the necessary who, what and to whom required to provide fair notice. Furthermore, simply being present at the scene of the arrest is not sufficient to bring a civil lawsuit. Accordingly, dismissal of these Defendants is proper.

**PROPOSITION II:** **PLAINTIFF'S CLAIMS AGAINST THESE DEFENDANTS ARE BARRED UNDER THE QUALIFIED IMMUNITY DOCTRINE**

Plaintiff's claims against these officers is also barred under the doctrine of qualified immunity. In civil rights actions seeking damages from governmental officials, "courts recognize the affirmative defense of qualified immunity. *Gross v. Pirtle*, 245 F.3d 1151, 1155 (10th Cir. 2001) quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity protects public officials from individual liability in Section 1983 claims and is "an entitlement to not stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity is more than a defense to liability: it is immunity from suit that is effectively lost if a case is erroneously permitted to go to trial. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

A defendant acting in his respective official capacity is <u>not</u> a proper defendant in a claim under § 1983. Rather, it is well settled law that a suit against an individual in his/her individual capacity is a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Neither the state . . . nor a State official who acts in his official capacity is a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

6

In order for individual liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007) (police officer who was present at scene but who did not assist or direct other officer in removing arrestee from vehicle did not violate Fourth Amendment; he did not "personally participate" in the use of the twist-lock restraint). Accordingly, Plaintiff must demonstrate "a deliberate, intentional act" by [these Defendants] to violate constitutional rights." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (1996). Plaintiff's Complaint fails to establish any deliberate or intentional act of these individual Defendants resulting in the alleged deprivation of Plaintiff's Constitutional Rights.

Plaintiff's Complaint also fails to establish any supervisor's deprivation of Plaintiff's Constitutional rights. Since "vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *See Dodds*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 676). When a § 1983 suit is brought against one who was not physically involved in the harm-dealing event, "the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Id*. Thus, to establish supervisory liability, a plaintiff must show a duty to hire, train, supervise, or discipline the officers responsible for the constitutional deprivation. *Meade v. Grubbs*, 841

7

F.2d 1512, 1528 (10th Cir. 1988). Plaintiff must also establish that the supervisor defendant "(1) promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) [itself] caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Dodds*, 614 F.3d at 1199). At its core, supervisory liability is an issue "of causation, *i.e.*, whether the supervisor's conduct was a proximate cause of the violation of the plaintiff's constitutional rights." *Dodds* at 1198. Plaintiff's Complaint is devoid of any allegations against these individual Defendants which support any plausible cause of action against them. Plaintiff has failed to establish any direct deprivation of Constitutional Rights by these Defendants. Further, Plaintiff has failed to plead any official policy or custom adopted by any of these individual defendants in their individual capacity to support a claim for supervisor liability.

Furthermore, pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, *et seq*. ("GTCA"), an individual defendant cannot be sued in his/her individual capacity for torts asserted by a plaintiff. *See* 51 O.S. § 152.1(a). "The GTCA adopts the doctrine of sovereign immunity and provides that the State, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune for liability for torts." *Smith v. City of Stillwater*, 2014 OK 42, 328 P.3d 1192, 1198. As such, dismissal of Plaintiff's claims against these individual defendants is appropriate.

**PROPOSITION III:** **PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE ARREST OR FALSE IMPRISONMENT**

"False arrest has been defined as 'an unlawful restraint of an individual's personal liberty or freedom of locomotion. . . An arrest without proper legal authority is a false arrest and because an arrest restrains the liberty of a person it is also a false imprisonment.'" *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 6, 50 P.3d 1149, 1151. Further, the Court of Civil Appeals has held that an arrest without probable cause is a false arrest. *Overall v. State*, 1995 OK CIV APP 107, 910 P.2d 1087. "'Probable cause' is defined as 'reasonable cause' or 'an honest suspicion or belief . . . founded upon facts sufficiently strong to warrant the average person in believing the charge to be true,' and the existence of probable cause is a complete defense." *Roberts*, 50 P.3d at 1152. Further, plaintiff does not actually have to be guilty of the charged crime. Instead, "[w]hether probate [*sic*] cause exists is not the same question as whether the person accused is actually guilty." *Missouri, Kansas & Oklahoma Coach Lines v. Meister*, 1958 OK 227, ¶ 5, 330 P.2d 579, 581–82. Moreover, Oklahoma law explicitly provides for an officer to arrest an individual without a warrant. 22 O.S. § 196. This statute provides in pertinent part:

> A peace officer may, without a warrant, arrest a person:
>
> 1.  For a public offense, committed or attempted in the officer's presence

Lastly, false imprisonment is distinct from a false arrest. It does not require a form of legal authority, but may occur between private persons. *Delong v. State ex rel. Okla. Dep't*

*of Pub. Safety*, 1998 OK CIV APP 32, ¶ 4, 956 P.2d 937, 938. "The essential elements of the tort are (a) the detention of a person against his (or her ) will and (b) the unlawfulness of the detention." *Walters v. J. C. Penney Co.*, 2003 OK 100, ¶ 9, 82 P.3d 578, 583.

Here, Plaintiff's Petition fails to establish any of these officers were involved in the detention of Plaintiff. Regardless, Plaintiff's allegations establish the arresting officer(s) possessed legal authority and probable cause to effectuate the arrest at issue. According to the allegations, Plaintiff was yelling at the officers as they went about arresting her husband, and she was even instructed to stop yelling. (Petition, ¶19). This is also confirmed in the Probable Cause Affidavit which mirrors the allegations of Plaintiff. (*See* Probable Cause Affidavit, **EXHIBIT 1**). As such, Plaintiff's actions were clearly taking place in the presence of the officers. Thus, by Plaintiff's own allegations, officers were confronted with a raucous individual who had been instructed to lower her voice.

Further, the Petition contains no factual allegations plausibly demonstrating the arrest lacked probable cause or legal authority. Nor does Plaintiff allege facts establishing that officers detained her without statutory authority under Oklahoma law. Instead, the Petition affirmatively establishes that officers acted pursuant to their law enforcement authority while reacting to Plaintiff's conduct occurring in their presence. Accordingly, because probable cause constitutes a complete defense to claims for false arrest and false imprisonment, and because Plaintiff's own allegations establish the officers acted with legal authority in effectuating the arrest, Plaintiff's claims fail as a matter of law.

**PROPOSITION IV:**  **OKLAHOMA LAW DOES NOT SUPPORT A CLAIM FOR MALICIOUS PROSECUTION**

A claim for malicious prosecution places a burden on the plaintiff to prove: "1) that the defendant maliciously instituted the action; 2) without probable cause; 3) which the plaintiff successfully defended; and 4) with resulting damage to the plaintiff." *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 6, 50 P.3d 1149, 1152. Accordingly, should the Plaintiff fail to meet any of these elements, their claim for malicious prosecution fails. Additionally, "[m]alicious prosecution actions are not favored by the court, and they should not be encouraged by lax rules favoring them." *Young v. First State Bank, Watonga*, 1981 OK 53, ¶ 5, 628 P.2d 707, 709; *see also Williams v. Frey*, 182 Okl. 556, 78 P.2d 1052 (1938) (adopting a rule "that [makes it] less likely to encourage actions for malicious prosecution"); and *See Glasgow v. Fox*, 1988 OK 71, ¶ 14, 757 P.2d 836, 839 ("Oklahoma[] . . . does not look favorably on malicious prosecution actions"). First, Plaintiff's Petition fails to allege any of these Defendants were involved in the decision to prosecute Plaintiff. Regardless, Plaintiff cannot establish at least two essential elements of her cause of action for malicious prosecution: 1) lack of probable cause and 2) a successful defense of the claim. Thus, dismissal of Plaintiff's claim for malicious prosecution against Defendants is appropriate.

## A.    THE OFFICERS HAD PROBABLE CAUSE

As mentioned above, "'Probable cause' is defined as 'reasonable cause' or 'an honest suspicion or belief . . . founded upon facts sufficiently strong to warrant the average person

in believing the charge to be true,' and the existence of probable cause is a complete defense." Roberts, 50 P.3d at 1152. The existence of probable cause, alone, is enough to serve as a "complete defense." *Towne v. Martin*, 196 Okl. 510, 166 P.2d 98 ("[p]robable cause for the prosecution of a person constitutes a complete defense to an action [malicious prosecution].") *See Lewis v. Crystal Gas Co.*, 1975 OK 26, ¶ 11, 532 P.2d 431, 433 ("Upon proof of probable cause other elements such as malice . . . are immaterial."). Further, plaintiff does not actually have to be guilty of the charged crime. Instead, "[w]hether probate [*sic*] cause exists is not the same question as whether the person accused is actually guilty." *Missouri, Kansas & Oklahoma Coach Lines v. Meister*, 1958 OK 227, ¶ 5, 330 P.2d 579, 581–82. At the end of the day, probable cause is the "keystone" element. If probable cause existed, a claim for malicious prosecution must fail.

Here, Plaintiff's own allegations establish that Officer Aebi possessed, at a minimum, an honest and reasonable belief that Plaintiff was committing a breach of the peace in his presence. Specifically, Plaintiff admits she was yelling at officers while they were actively investigating the incident on scene. (*See* Petition ¶ 19). Plaintiff further acknowledges she was instructed to stop yelling, yet nevertheless continued her conduct. (*See* Petition ¶ 22). Thereafter, Officer Aebi turned to the Plaintiff's neighbor – the individual who called the police – and confirmed with him that Plaintiff's yelling was disturbing him. (*See* Petition ¶ 23). These allegations are also consistent with the Probable Cause Affidavit submitted by Officer Aebi following the arrest of Plaintiff. (*See* Probable Cause Affidavit, **EXHIBIT 1**).

Under these circumstances, Officer Aebi was not required to determine beyond all doubt that Plaintiff had committed an offense. Nor was he required to wait for the situation to escalate further before taking action. Instead, the law only required facts "sufficiently strong to warrant the average person in believing the charge to be true." *Roberts*, 50 P.3d at 1152. Plaintiff's own allegations establish precisely that.

Officer Aebi was confronted with an individual who: (1) was loudly yelling at officers on scene; (2) continued doing so after being instructed to stop; and (3) was confirmed by a nearby resident to be causing a disturbance. These facts plainly gave rise to, at a minimum, a reasonable suspicion and honest belief that Plaintiff was engaging in disorderly or peace-disturbing conduct. Accordingly, probable cause existed as a matter of law.

**B.     PLAINTIFF CANNOT ESTABLISH A FAVORABLE TERMINATION OF THE UNDERLYING PROSECUTION**

One of the essential elements of a malicious prosecution claim is that the plaintiff must have successfully defended against the underlying proceeding. *Roberts v. Goodner's Wholesale Foods, Inc.*, 2002 OK CIV APP 73, ¶ 6, 50 P.3d 1149, 1152. However, the Oklahoma Supreme Court has held that a case which is dismissed without prejudice is not a termination of the suit in favor of the party seeking the malicious prosecution claim. *Glasgow v. Fox*, 1988 OK 71, ¶ 15, 757 P.2d 836, 839. Again, the courts do not favor malicious prosecution actions, noting they should not be encouraged by lax rules. *Young v. First State Bank, Watonga*, 1981 OK 53, ¶ 5, 628 P.2d 707, 709. The *Glasgow* Court found that a dismissal without prejudice "provides a litigant the opportunity to dismiss an action

without being foreclosed from bringing the action at another time." *Glasgow*, 757 P.2d at 839. Accordingly, "to allow the voluntary dismissal to form the basis for a malicious prosecution action would allow a person to recover for the bringing of an action which may eventually be found to be well-brought." *Id.* "Such a result would be inconsistent with Oklahoma's policy which does not look favorably on malicious prosecution actions." *Id.*

Here, the State filed a Motion to Dismiss seeking to dismiss the case against the Plaintiff without prejudice. (*See* Petition ¶ 29 and Dismissal Without Prejudice, **EXHIBIT 2**). Accordingly, the case against the Plaintiff was never fully presented on the merits. Nor was there any adjudication establishing Plaintiff's innocence or otherwise vindicating her regarding the underlying charge. Instead, the dismissal merely terminated the proceeding procedurally while preserving the State's ability to refile the charge at a later time. Under Oklahoma law, such a dismissal cannot satisfy the successful defense element required to sustain a malicious prosecution claim. As the Oklahoma Supreme Court explained in *Glasgow*, a dismissal without prejudice does not determine the substantive rights of the parties and therefore does not constitute a termination in favor of the accused.

The underlying proceeding was dismissed without prejudice. Thus, the prosecution was not terminated in a manner sufficient to support a malicious prosecution claim under Oklahoma law. As such, Plaintiff cannot establish this essential element and her claim fails as a matter of law.

## CONCLUSION

These Defendants respectfully request the Court enter an Order dismissing all claims asserted against them by Plaintiff, Eva Irene Owen. First, Plaintiff's allegations do not meet the requisite pleading standard to place these Defendants on fair notice of the claims asserted against them, and fail to establish these officers deprived Plaintiff of any clearly established constitutional right. As such, they are immune from suit under the qualified immunity doctrine. Further, these officers were not involved in the decision to detain or prosecute Plaintiff. Nonetheless, the facts established show there was probable cause to arrest Plaintiff. As such, Plaintiff cannot establish the essential elements of her claims for false arrest/imprisonment or malicious prosecution. Finally, the underlying criminal proceeding was dismissed without prejudice without a final determination of the merits. As such, Plaintiff cannot establish one of the essential elements of her state law claim for malicious prosecution. Accordingly, dismissal is proper.

Respectfully submitted,

s/ *Timothy J. Prentice*
Timothy J. Prentice, OBA No. 22689
Ryan C. Henneke, OBA No. 36659
ROBERSON, KOLKER, PRENTICE, BURNS, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone: 405-606-3333
Facsimile: 405-606-3334
Email: tj@OKTrialLawyers.com
rch@OKTrialLawyers.com
**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly, Esquire

s/ <i>Timothy J. Prentice</i>
For the Firm